## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## SHERMAN DIVISION

Jerry W. Johnson                                    Civil Action No.

                Plaintiff

v.

Flagstar Bank                                    **JURY TRIAL DEMANDED**


                Defendant

## CIVIL ACTION

1.      This is an action for actual, statutory, and punitive damages, costs, and attorney's fees pursuant to 15 U.S.C. §1681 et seq. (Fair Credit Reporting Act).

## JURISDICTION AND VENUE

2.      Jurisdiction of this Court is conferred by 15 U.S.C. §1681(p) and 28 U.S.C. §1331.

3.      Venue in this District is appropriate under 28 U.S.C. §1391(b)(2) because a substantial part of the events giving rise to the claim occurred here since Plaintiff resides in the Eastern District of Texas and their damages occurred here.

## PARTIES

4.      Plaintiff is a natural person and a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

5.      Defendant, Flagstar Bank, (hereinafter, Flagstar) is a for-profit company registered to do business in Texas and with a registered agent in Texas. Defendant is a "furnisher" of information, as defined by 15 U.S.C §1681s(a)&(b), who regularly and in the ordinary course of

business furnishes credit information to one or more consumer reporting agencies about consumer transactions. Flagstar is a financial institution actively conducting business in Texas.

### FACTUAL ALLEGATIONS

6.      Plaintiff incorporates by reference all the foregoing paragraphs as though the same were set forth at length herein.

7.      Defendant is reporting Plaintiff's Flagstar Bank (Flagstar) account # 0716**** on Plaintiff's Trans Union and Equifax credit reports.

8.      Plaintiff's debt with Flagstar arose from a home mortgage loan. Flagstar closed the account on 01/16/2014, after the account was closed with a zero balance. Plaintiff's payment obligations to Flagstar ceased.

9.      The trade line was updated to reflect a $0 balance when the account was closed on 01/16/2014.

10.      According to Plaintiff's Trans Union credit report dated 01/29/2019, Plaintiff's Flagstar account was closed with a $0 balance on or about 01/16/2014. Despite the Flagstar account being closed with a $0 balance on or around 01/16/2014, Flagstar continued to report an erroneous pay status of "Account 120 Days Past Due" for the above listed account on Plaintiff's Trans Union report dated 01/29/2019. It is both impossible and incorrect for an account that is closed with a "0" balance to still be reporting as 120 Days Past Due as of 01/29/2019. Not only is the Flagstar account false on the face of the credit report but this reporting is misleading because it makes it look as if Plaintiff is still late on this account that was previously closed with a zero balance. In addition to being inaccurate, this reporting misleads the credit scoring algorithms used by the lending industry and thus lowers credit scores and further damages Plaintiff's creditworthiness and credit reputation.

2

11.     According to Plaintiff's Equifax credit report dated 02/06/2019, Plaintiff's Flagstar account was closed with a $0 balance on or about 01/2014. Despite the Flagstar account being closed with a $0 balance on or around 01/2014, Flagstar continued to report an erroneous pay status of "Over 120 Days Past Due" for the above listed account on Plaintiff's Equifax report dated 02/06/2019. It is both impossible and incorrect for an account that is closed with a "0" balance to still be reporting as Over 120 Days Past Due as of 02/06/2019. Not only is the Flagstar account false on the face of the credit report but this reporting is misleading because it makes it look as if Plaintiff is still late on this account that was previously closed with a zero balance. In addition to being inaccurate, this reporting misleads the credit scoring algorithms used by the lending industry and thus lowers credit scores and further damages Plaintiff's creditworthiness and credit reputation.

12.     The pay status is a significant data field that represents the current condition of the account. The data field works independently of the other data fields in the reporting tradeline and is critical in maintaining accurate reporting. The accounts are inaccurately reporting that Plaintiff is currently "120 Days Past Due" or "Over 120 Days Past Due" on an account that has a $0 balance. Plaintiff's financial obligations that were once due to Flagstar have ceased. At the time that the account was closed, the account should have been reported with a "Pay Status" data field showing "closed". Instead of reporting the account as currently "120 Days Past Due" or "Over 120 Days Past Due", the correct reporting would have reported the pay status as "closed". Reporting the account as currently 120 Days Past Due or Over 120 Days Past Due appears as if the account is a very recent delinquency, which it is not. Recent delinquencies are more damaging than older delinquencies because they are weighed heavier in determining credit scores. Because the "pay status" acts independently from the other information, the inaccurate

reporting of 120 Days Past Due or Over 120 Days Past Due is reporting as if Plaintiff is currently late on payments to Flagstar even if those late payments are $0. Listing a debt with a $0 balance owed as past due is nonsensical. If no balance is owed, then the consumer cannot be late paying the balance, and the pay status must report as "closed". By continuing to report a balance, however, lenders believe that the consumer is currently late, which negatively reflects on consumers' credit repayment history, their financial responsibility as a debtor, and their credit worthiness/reputation.

13.     The computer algorithms used by the lending industry to determine a consumer's credit worthiness will misinterpret the status of Plaintiff's Flagstar account as reported by Trans Union, Equifax and Flagstar to be a current past due obligation, thus negatively affecting Plaintiff's credit worthiness.

14.     Plaintiff will provide expert testimony at the appropriate time to demonstrate the negative effects of reporting a historical pay status in the current pay status data field.

15.     Plaintiff disputed the inaccurate late pay status on their Flagstar account through a dispute letter sent to Trans Union and Equifax.

16.     Flagstar did not provide a good faith investigation and failed to modify/correct, delete or block the disputed pay status of the Flagstar account.

17.     Based upon information and belief, Trans Union and Equifax received Plaintiff's dispute and transmitted the dispute to Flagstar, triggering the investigations duties for Defendant; however, defendant failed. Had Defendant conducted a proper investigation, they would have discovered that the reporting of a late pay status for a $0 balance account is nonsensical and wrong.

18.     Flagstar continues to report a pay status indicating that the debt is currently late.

## COUNT I
## FLAGSTAR'S VIOLATION OF 15 U.S.C. § 1681s-2(b) OF THE
## FAIR CREDIT REPORTING ACT

19.     Plaintiff repeats, realleges, and reasserts the allegations contained in the paragraphs above and incorporates them as if specifically set forth at length herein.

20.     At all times pertinent hereto, Flagstar was a "person" as that term is used and defined under 15 U.S.C. § 1681a.

21.     Flagstar willfully and negligently supplied Trans Union and Equifax with information about Plaintiff that was false, misleading, and inaccurate.

22.     Flagstar willfully and negligently failed to conduct a reasonable investigation of the inaccurate pay status information that Plaintiff disputed. Had Flagstar conducted a reasonable investigation, it would have recognized that the reporting of a late pay status on an account with a $0 balance is nonsensical and wrong.

23.     Flagstar did not provide a good faith and reasonable investigation into the disputed current pay status on the account they reported to Trans Union and Equifax. Flagstar's investigation was unreasonable and lacking because it failed to lead Flagstar to correct the inaccurate pay status that they were reporting to Trans Union and Equifax regarding Plaintiff.  A reasonable investigation would have led Defendant to discover that they should not be reporting the account to Trans Union and Equifax with a late pay status. If the account had been reasonably and properly investigated, it would have no longer been reported as a current past due obligation and would have had much less of an impact on Plaintiff's credit worthiness. Instead, the Flagstar account is being reported as a current past due obligation monthly, which is inaccurate.

24.    Flagstar willfully and negligently failed to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. § 1681s-2(b).

25.    As a direct and proximate cause of Flagstar failure to perform its duties under the FCRA, Plaintiff has suffered actual and compensatory damages, mental anguish, humiliation, embarrassment, and injury to credit worthiness.

26.    Flagstar's conduct, action, and inaction was willful, rendering it liable for actual and statutory damages and punitive damages in an amount to be determined by the jury pursuant to 15 U.S.C. § 1681n. In addition to willful, Plaintiff also alleges that Flagstar was negligent, which entitles Plaintiff to recover actual and compensatory damages under 15 U.S.C. § 1681o.

### *Third Parties have viewed Plaintiff's Trans Union and Equifax Credit Reports*

27.    The Flagstar account that was reported on Plaintiff's Trans Union and Equifax credit reports has been viewed by third parties all to the detriment and loss of the Plaintiff.

28.    Plaintiff has suffered actual harm due to the reporting of the negative tradeline provided by Flagstar on Plaintiff's Trans Union and Equifax reports even though Plaintiff put them on notice of the inaccurate negative reporting through Plaintiff's dispute letter.

29.    Plaintiff's credit report, credit information, and file formulated by Trans Union and Equifax have been viewed by current and potential credit grantors and extenders of credit, as indicated by inquiries on their credit report. The inaccurate information furnished by Flagstar and reported by Trans Union and Equifax is continuing to damage the Plaintiff's credit rating as well as their credit reputation.

30.    At all times pertinent hereto, Defendant was acting by and through its agents, servants, and/or employees who were acting within the course and scope of its agency or employment, and under the direct supervision and control of Defendant herein.

31.     At all times pertinent hereto, the conduct of Defendant, as well as that of its agents, servants and/or employees, was malicious, intentional, willful, reckless, and in grossly negligent disregard for federal laws and the rights of the Plaintiff herein.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff seeks judgment in Plaintiff's favor against Defendant based on the following requested relief:

a.  Actual and compensatory damages pursuant to 15 U.S.C. §1681;

b.  Statutory damages pursuant to 15 U.S.C. §1681;

c.  Punitive damages pursuant to 15 U.S.C. §1681;

d.  Costs and reasonable attorney's fees pursuant to 15 U.S.C. §1681n, §1681o; and

e.  Such other and further relief as may be necessary, just and proper.

Dated: January 29, 2021

Respectfully Submitted,

/s/Dennis McCarty
Dennis McCarty
ATTORNEY FOR PLAINTIFF
Mississippi Bar No. 102733
Supreme Court of the United States Bar No. 302174
Federal Bar No. 993800
2931 Ridge Rd.
Suite 101 #504
Rockwall, TX 75032
Telephone: 817-704-3375
Fax (817) 887-5069
dennismccartylaw@gmail.com

/s/Jonathan Raburn
Jonathan Raburn
ATTORNEY FOR PLAINTIFF
Louisiana Bar Roll No. 28728
McCarty & Raburn, A Consumer Law Firm, PLLC
2931 Ridge Rd, Suite 101 #504

Rockwall, TX 75032
jonathan@geauxlaw.com
Telephone: 225-412-2777